**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

In Re:

JAMES E. BAUMANN,

        Debtor.

        Bankr. Case No. 6:14-bk-3297-ABB

_____

JAMES E. BAUMANN,

        Appellant,

v.        Case No. 6:15-cv-27-Orl-37

PNC BANK, N.A.; and
BANK OF AMERICA, N.A.,

        Appellees,

_____

**ORDER**

This cause is before the Court on the following:

1. Appellant's Motion for Reconsideration (Doc. 19), filed September 4, 2015; and

2. Appellee, Bank of America, N.A.'s Limited Response to Appellant's Motion for Reconsideration (Doc. 20), filed September 15, 2015.

On August 21, 2015, this Court affirmed several of the Bankruptcy Court's orders in Case No. 6:14-bk-3297-ABB. (Doc. 18.) Appellant moves the Court to reconsider its Order. (Doc. 19.) Defendant opposes. (Doc. 20.) The matter is ripe for the Court's adjudication.

Reconsideration typically requires: (1) newly discovered evidence; (2) demonstrated clear error or manifest injustice; or (3) an intervening change in the

controlling law. *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002).

Appellant contends that reconsideration is warranted because: (1) the Court's decision was based on a "mistaken understanding of the facts and the law"; and (2) because the Court's decision included arguments not raised in Appellees' answer brief. (Doc. 19, pp. 1, 3.) Upon consideration, the Court rejects Appellant's arguments. Because Appellant has not introduced newly discovered evidence, demonstrated clear error or manifest injustice, or highlighted a change in the law, reconsideration is not warranted.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Appellant's Motion for Reconsideration (Doc. 19) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 16, 2015.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Pro Se Party